**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MAKENNA BANKS**, both in her individual capacity and, in addition, as a collective action on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**DAVE & BUSTER'S ENTERTAINMENT, INC.**, a Delaware corporation; **DAVE & BUSTER'S HOLDINGS, INC.**, a Delaware corporation; **DAVE & BUSTER'S, INC.**, a Missouri corporation; and **DAVE & BUSTER'S OF OREGON, INC.**, an Oregon corporation,<br><br>Defendants. | Case No.<br><br>VERIFIED INDIVIDUAL AND COLLECTIVE ALLEGATION COMPLAINT<br><br>(FEDERAL WAGE CLAIMS)<br><br>Demand for Jury Trial |

**COMPLAINT—INDIVIDUAL AND COLLECTIVE ACTION**

Plaintiff Makenna Banks complains as follows against defendants, and each of them (together, "DAVE & BUSTER'S").

**PRELIMINARY STATEMENT**

1.

This is an action under federal wage and hour law for certain current and former

**Verified Individual and Collective Allegation Complaint**                Page 1

employees of DAVE & BUSTER'S to recover unpaid minimum wages and overtime and liquidated damages. Plaintiff and her counsel made prelitigation demand for individual and collective time and pay documents, which DAVE & BUSTER'S refused to provide. All allegations herein are therefore made to the best of Plaintiff's and her counsel's good-faith knowledge, information and belief, based upon a combination of public records, hearsay, reasonable inferences, and other limited evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

2.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(1) and (2) because at least one defendant resides and transacts business in this district, Plaintiff was employed by defendants in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

3.

At all material times, Plaintiff was a resident and citizen of the State of Oregon. At all material times, Plaintiff and the Collective members were employees of DAVE & BUSTER'S.

4.

At all material times, and with respect to the incidents alleged in this Complaint,

**Verified Individual and Collective Allegation Complaint**          Page 2

defendants were the individual and/or joint employers of Plaintiff and Collective members and/or acted directly and indirectly in the interest of each other with regard to the incidents alleged in the Complaint.

## COMMON FACTS

### 5.

DAVE & BUSTER'S required Plaintiff and the other Collective members to receive some or all of their pay on a payroll debit card and did not allow them to opt out of this system or to choose another option for payment. It was difficult or impossible for the employees to withdraw their pay from this credit card without paying fees to do so. As a result, DAVE & BUSTER'S often failed to promptly pay Plaintiff and the other Collective members at or above the required federal minimum wage and overtime rates.

## COLLECTIVE ALLEGATIONS

### 6.

By engaging in the above-alleged behavior, DAVE & BUSTER'S engaged in acts and practices that violated the Collective members' rights under the FLSA. In addition to bringing this action individually on behalf of herself, therefore, Plaintiff also brings this action on behalf of all current and former employees who are similarly situated (the "Collective"). Plaintiff alleges that as a result of the nonpayments and deductions indicated herein, she and each of the other members of the Collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in DAVE & BUSTER'S's employ, in violation of § 6 of the FLSA (29 U.S.C. § 206), and, for any employee who worked in excess of 40 hours in a given workweek, the same nonpayments and deductions also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other Collective members are

**Verified Individual and Collective Allegation Complaint**        Page 3

similarly situated in all relevant respects.

## FIRST CLAIM FOR RELIEF

(FLSA Claim, Individual Plaintiff and Collective)

7.

All previous paragraphs are incorporated by reference herein.

8.

Pursuant to 29 U.S.C. §§ 206 and 207, DAVE & BUSTER'S was required to pay Plaintiff and the Collective members at least the amount of the federal minimum wage and required overtime, when those wages were due, but willfully failed to do so, as indicated above.

9.

Plaintiff and Collective members are entitled to collect the difference between their wages received when due and the federal minimum and overtime wages due, in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; award attorney fees, costs and expenses; and order such further or alternative relief as the Court deems appropriate.

DATED this September 1, 2016          JON M. EGAN, P.C.

*s/ Jon M. Egan*

Jon M. Egan, OSB #002467
Attorney for Plaintiff

**Verified Individual and Collective Allegation Complaint**          Page 4

I hereby give my written consent to participate in and join this lawsuit as a named plaintiff, as a representative of absent employees, and as an FLSA collective member.

DATED this 1st day of September, 2016         *s/ Makenna Banks*

Makenna Banks